**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

GUSTAVO VASQUEZ,

    Plaintiff,

       v.

EXCEL STORAGE PRODUCTS, L.P.

    Defendant.

CIVIL ACTION NO. 3:11-cv-1562

(JUDGE CAPUTO)

## MEMORANDUM ORDER

Presently before the Court is the Complaint of Plaintiff Gustavo Vasquez. (Doc. 1.)

Federal courts have an obligation to address issues of subject matter jurisdiction

*sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999).

Plaintiff alleges that this Court's basis for jurisdiction is diversity of citizenship pursuant to

28 U.S.C. § 1332.  Section 1332(a)(1) gives district courts original jurisdiction to hear

cases where the matter in controversy exceeds the value of seventy-five thousand dollars

($75,000) and is between citizens of different states.  In order for jurisdiction to exist,

there must be complete diversity, meaning that each defendant must be a citizen of a

different state from each plaintiff.  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365,

373 (1978).

"It is . . . well established that when jurisdiction depends upon diverse citizenship

the absence of sufficient averments or of facts in the record showing such required

diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties

fail to call attention to the defect, or consent that it may be waived."  *Thomas v. Bd. of*

*Trs.*, 195 U.S. 207, 211 (1904).  Moreover, "[w]hen the foundation of federal authority is,

in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fᴇᴅ R. Cɪᴠ. P. 12(h)(3).

In this case, the Plaintiff's Complaint fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges the citizenship of the Defendant.  The Complaint alleges that Excel Storage Products, L.P. is a corporation organized under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania.  These are the necessary averments to determine the states of citizenship of a corporation.  *See* 28 U.S.C. § 1332(c)(1).  However, L.P. denotes not a corporation, but a limited partnership, and it is well established that "the citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. Pa. 2010); *Carden v. Arkoma Assocs*., 494 U.S. 185, 195, 192-97 (1990) (affirming the "oft-repeated rule" that diversity of a partnership entity requires complete diversity of all partners).  Therefore, because Plaintiff fails to allege facts regarding the citizenship of all of Defendant's partners, the Court cannot determine complete diversity of citizenship exists and thus cannot exercise jurisdiction.

Accordingly, the Court will dismiss without prejudice the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**NOW**, this __25th__ day of August, 2011, **IT IS HEREBY ORDERED THAT**

Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.   The Clerk of the Court

shall mark this case **CLOSED**.


                                       /s/ A. Richard Caputo

                                         A. Richard Caputo

                                         United States District Judge